DESHLER HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20647, 31336. Promulgated September 26, 1929.

*Rolland L. Nutt*, Esq., *Clarence B. Nutt*, Esq., and *Geo. S. Nutt*, C. P. A., for the petitioner.

*John D. Foley*, Esq., and *Lloyd W. Creason*, Esq., for the respondent.

OPINION.

LOVE: These are proceedings for the redetermination of deficiencies in income and excess-profits taxes, as follows:

| Docket No. | Year | Amount |
|---|---|---|
| 20647 | 1921 | $5,525.33 |
| 31336 | 1922 | 243.82 |
| | 1925 | 428.02 |

The petitioner alleges errors, first, for the year 1921, in the respondent's reduction of invested capital by the amount of a deficiency asserted to have been due for the year 1919, and second, for the years 1921, 1922, and 1925, in the denial of a deduction for the alleged exhaustion of a certain leasehold.

In *Deshler Hotel Co.,* 7 B. T. A. 158, the Board has redetermined the petitioner's tax liability for the year 1919. Reduction, if any, of the petitioner's invested capital for 1921, by reason of the deficiency for 1919, should be made in accordance with that decision.

The second allegation of error relates to the valuation of a leasehold, the facts regarding which are fully set out in our said decision. So far as material they are hereby incorporated and made a part hereof by reference.

In the decision mentioned, the Board found the March 1, 1913, value of the said leasehold, reduced to its value as of that date,

to be $26,000, and directed the allowance of an appropriate deduction for exhaustion of that sum over a 15-year period.

The petitioner in these proceedings has offered no further evidence upon the value of the leasehold. The record consists of the usual pleadings and certain stipulations including a certified copy of the Board's decision of May 28, 1927, and certified copies of the final orders of redetermination thereunder. It appears that the petitioner desires to have the Board affirm its action in the previous proceedings, but to correct what are termed "mathematical mistakes" in the computation of the March 1, 1913, value of the leasehold.

We do not see the pertinency of what the petitioner terms "mathematical mistakes." In determining the value of the leasehold we discussed some of the factors considered and then, exercising our judgment, as we necessarily must do in a proceeding of this nature, we determined the March 1, 1913, value of the leasehold, reduced to its then present value, to be $26,000. Upon the record before us we must affirm that determination of value for purposes of these proceedings.

*Judgment will be entered under Rule 50.*